McKAY, Circuit Judge,
concurring in part and dissenting in part:
Ms. Shannon’s complaint alerts us to serious problems at the Topeka Corree- *1170 tional Facility. Systemic sewage backups cause flooding in private cells; the routine practice is to mop sewage with inmates’ blankets; soiled blankets are then washed for reissue without special laundering treatment. Each of those material facts are admitted or not denied. Further, Ms. Shannon alleges that standing sewage has been ignored for as long as weeks and that reissued blankets often weep brown liquid. Those assertions find no answer in Defendants’ response that the maintenance staff often corrects problems within a day or two and that laundering procedures are according to policy. I join the majority’s concluding remark that the “Martinez report seriously underestimates the potential hazard of exposure to raw sewage,” but the deficiencies do not end there. Given the material facts admitted and not denied, Defendants’ “deliberate indifference” is genuinely at issue. Therefore, I must dissent.
The Constitution requires adequate conditions of confinement, and facility officials may not be deliberately indifferent to inadequacies. I concur with the majority’s legal framework but depart from the conclusion that there are no genuine issues of material fact. First, regarding the inadequate laundering claim, the majority holds that the complaint satisfies the objective component of the two-part test but fails the subjective component because evidence does not expressly confirm that facility officials were aware of inadequacies prior to Ms. Shannon’s complaint. However, the record specifies that the obvious health risks attach to Defendants’ own conduct, not in some unknown circumstance to which officials might be ignorant prior to the filing of a complaint. See Farmer v. Brennan, 511 U.S. 825, 835-47, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (explaining that deliberate indifference lies “somewhere between the poles of negligence at one end and purpose or knowledge at the other”). Because the health risks are obvious, the majority misplaces the burden of proof. When there exists “an obvious risk to inmate health,” the burden is on the “officials to prove that they were unaware.” Id. at 844, 114 S.Ct. 1970. Defendants have failed to carry that burden.
Defendants knowingly soak up sewage with inmates’ blankets and supervise the laundering that precedes reissue. It is the inadequacy of these routines that is genuinely at issue. The majority questions why inmates’ blankets must be used at all, and the absence of an answer leaves me persuaded that officials are deliberately indifferent — at the very least, these facts raise a prima facie ease that cannot be disposed of on summary judgment. This case cries out for discovery and trial. Defendants do not deny that they replaced their own carpet because it was futile to clean the damage done by sewage overflow, but they continue to issue the sewage-soaked blankets to inmates. Defendants’ meager defense-that all articles are washed according to guidelines — manifests indifference to the fact that the unusual soiling of these blankets may well exceed the degree of filth contemplated by usual washing guidelines. All told, the evidence admitted and not denied easily establishes “genuine issues” about official indifference to laundering practices, which is a material fact in this case.
Second, regarding the exposure to raw sewage claim, relying on lack of “frequency and duration” evidence, the majority holds that Ms. Shannon failed to satisfy the objective portion of the two-part test. Interpreting the evidence in a light most favorable to Ms. Shannon, as we are required to do, she has been exposed to raw sewage for as long as weeks at a time and, in my view, that is clearly an objective problem, even if the maintenance crew often cleans up within a day or two. In addition, Defendants concede that the root of the entire problem is an inadequate grinder, which they imply could be remedied by installing a heavy-duty grinder. With that known alternative available, cost may not be an adequate defense to this continuing, serious medical threat. Defendants have failed to refute the fact that, given past experience and the continuing *1171 nature of the problem, Ms. Shannon has a reasonable expectation of future exposure to a serious health hazard.
Given the genuine issues of material fact, I would reverse and remand.